The determination of the Commissioner is approved.

## APPEAL OF E. E. ATKINSON & CO.

Docket No. 357.    Submitted May 15, 1925.    Decided June 30, 1925.

Where taxpayer corporation acquired the business and assets of another corporation for stock of a par value equal to the book value of the assets transferred plus the admitted actual cash value of good will not carried on the predecessor corporation's books or included in its invested capital, and the stockholders of the predecessor corporation received more than two-thirds of the stock of the taxpayer, *held*, that the value of such good will should be excluded from taxpayer's invested capital, in accordance with section 331 of the Revenue Act of 1918.

*W. Yale Smiley, Esq.*, for the taxpayer
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

1. The taxpayer is a corporation organized under the laws of the State of Delaware, having its principal place of business at St. Paul, Minn. It was organized on December 29, 1919, and began business on February 1, 1920.

2. Prior to the organization of the taxpayer, E. E. Atkinson & Co., a Minnesota corporation, hereinafter called the Minnesota corporation, was engaged in the operation of two retail stores, one in Minneapolis, Minn., and the other in St. Paul, Minn. The taxpayer was

organized for the purpose of taking over the store previously operated by the Minnesota corporation in St. Paul. The organization of the Delaware corporation was effected for the purpose of permitting the manager of the St. Paul store to acquire an interest therein in order to retain his services and for the further purpose of bringing new and additional capital into the business.

3. The taxpayer took over the assets of the St. Paul store at the figures at which they were carried on the books of the Minnesota corporation, subject to the liabilities thereon, save and except the item of " good will and going concern value, $60,000." The assets and liabilities taken over, including the alleged good will and going concern value, were as follows:

ASSETS.

| | |
|---|---:|
| Petty cash | $175.00 |
| Cash on hand | 7,644.20 |
| Furniture and fixtures | 30,921.02 |
| New construction | 10,467.24 |
| Accounts receivable | 58,608.35 |
| C. O. D. and lay-by accounts | 13,321.09 |
| Daily Hardware Co | 114.61 |
| Merchandise | 20,201.45 |
| Good will and going concern value | 60,000.00 |
| Total | 201,452.96 |

LIABILITIES.

| | |
|---|---:|
| Federal taxes due | 452.96 |
| Adjustment account | 1,000.00 |
| Total | 1,452.96 |

4. For the assets acquired subject to the liabilities the taxpayer issued to the Minnesota corporation its capital stock of the par value of $200,000. This capital stock was $60,000 in excess of the book value of the assets acquired by the taxpayer. The " good will and going concern value " did not appear on the books of the Minnesota corporation, but had been created by the Minnesota corporation through its operation as a corporation for a long period of time. The account " good will and going concern value," in the amount of $60,000, was set up as an asset on the books of the taxpayer to balance the capital account.

5. The good will and going concern value is admitted by the Commissioner to have had an actual cash value of $60,000.

6. In addition to the $200,000 par value of capital stock of the taxpayer, $100,000 par value of its stock, divided into 1,000 shares having a par value of $100, was issued and sold as follows: 735 shares to N. F. Rosacker, 235 shares to W. F. Short, 30 shares to E. E. Atkin-

son. Short and Atkinson were both stockholders of the Minnesota corporation. Rosacker was not a stockholder of the Minnesota corporation.

7. The taxpayer took over and began the operation of the St. Paul store on February 1, 1920.

8. The furniture and fixtures account of the St. Paul store appeared on the books of account of the Minnesota corporation in the sum of $30,921.02, and this value was used as the value of said furniture and fixtures in the exchange of the assets above mentioned for stock of the taxpayer. On May 11, 1921, the Lloyd-Thomas Co. made an appraisal of the furniture and fixtures of the St. Paul store and found the reproduction value to replace new property on the date of their appraisal, namely, May 11, 1921, to be $79,336.93. From February 1, 1920, to May 11, 1921, there were additions to the furniture and fixtures account of the St. Paul store in the sum of $3,187.92. The Minnesota corporation operated its St. Paul store in a building on which it had a lease which had over five years to run; this lease was assigned to the taxpayer without any consideration therefor, said unexpired lease having a substantial value.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: The Commissioner found that in the acquisition of the St. Paul store by the taxpayer an interest or control of 50 per cent or more remained in the same persons who had controlled the Minnesota corporation. Counsel for the taxpayer contends against this finding on the theory that a new organization came into existence and that this new organization controlled the St. Paul store. We find, as stated above, that two-thirds of the stock of the taxpayer was issued to the Minnesota corporation and that only stock of the par value of $73,500 of a total issue of $300,000 was issued to anyone not connected with the Minnesota corporation through stock ownership. The Minnesota corporation, prior to February 1, 1920, had had full control of the St. Paul store and after that date had remained in control by its ownership of two-thirds of the stock of the taxpayer. We therefore hold that the Commissioner's finding that 50 per cent or more of the interest or control remained in the same persons was correct.

Section 331 of the Revenue Act of 1918 provides that in cases such as outlined above no asset received from the predecessor shall be allowed a greater value than would have been allowed in computing the invested capital of the predecessor if the asset had not been transferred.