*252 OPINION.
Graupner:
The Commissioner found that in the acquisition of the St. Paul store by the taxpayer an interest or control of 50 per cent or more remained in the same persons who had controlled the Minnesota corporation. Counsel for the taxpayer contends against this finding on the theory that a new organization came into existence and that this new organization controlled the St. Paul store. We find, as stated above, that two-thirds of the stock of the taxpayer was issued to the Minnesota corporation and that only stock of the par value of $73,500 of a total issue of $300,000 was issued to anyone not connected with the Minnesota corporation through stock ownership. The Minnesota corporation, prior to February 1, 1920, had had full control of the St. Paul store and after that date had remained in control by its ownership of two-thirds of the stock of the taxpayer. We therefore hold that the Commissioner’s finding that 50 per cent or more of the interest or control remained in the same persons was correct.
Section 331 of the Revenue Act of 1918 provides that in cases such as outlined above no asset received from the predecessor shall be allowed a greater value than would have been allowed in computing the invested capital of the predecessor if the asset had not been transferred.